# IN THE UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| STREAMLINE HEALTHCARE SOLUTIONS, LLC, <br><br> Plaintiff, <br><br> v. <br><br> CHRYSALIS HEALTH, INC. <br><br> Defendant. | CIVIL ACTION FILE NO. _____ |

## COMPLAINT

Plaintiff Streamline Healthcare Solutions, LLC ("Streamline") brings this action for breach of contract and account stated against Chrysalis Health, Inc. ("Chrysalis").

## NATURE OF THE ACTION

1.

This case arises from Chrysalis's unlawful repudiation of a multi-year software agreement with Plaintiff Streamline. Chrysalis has failed to comply with the contractual provisions for revocation of the contract and continues to evade its contractual payment obligations. Streamline is entitled to recover the undisputed accrued fees as well as all amounts Chrysalis owes across the contract's term.

1

## PARTIES, JURISDICTION AND VENUE

2.

Plaintiff Streamline is a limited liability company incorporated in Illinois.

3.

Defendant Chrysalis is a For Profit corporation incorporated in Florida. Chrysalis's principal place of business is 3800 W. Broward Blvd., Ste. 100, Fort Lauderdale, Florida 33312.

4.

Because Streamline is a limited liability company, its citizenship for diversity purposes is "determined by the citizenship of its members." *Rolling Greens MHP, LP v. Comcast SCH Holdings, LLC*, 374 F.3d 1020, 1022 (11th Cir. 2004). Streamline's members include David Ryland, who is a resident of Michigan, and Javed Husain, who is a resident of Illinois.

5.

Accordingly, this Court possesses subject matter jurisdiction over this dispute under 28 U.S.C. § 1332(a)(1). This is a dispute between Streamline (a citizen of Michigan and Illinois) and Chrysalis (a citizen of Florida), and the amount in controversy in this action exceeds the sum or value of $75,000, exclusive of interest and costs.

6.

Chrysalis is subject to the personal jurisdiction and venue of this Court pursuant to 28 U.S.C. § 1391.  Chrysalis may be served with process upon its registered agent, Eduardo Lacasa, 1507 Sunset Drive, Coral Gables, Florida 33143.

**FACTS**

7.

Plaintiff Streamline provides web-based enterprise software for healthcare organizations through its SmartCare application series.

8.

On December 11, 2020, Streamline and Chrysalis entered into a software licensing contract ("the Agreement").  The Agreement includes a master set of contract terms in a Software as a Services Agreement.  The Agreement also contains a Maintenance Services Agreement, a Business Associate Agreement, a Hosting Services/Service Level Agreement, an Agreement to Access Custom Folder, and an Order Form.  The Order Form included details about pricing, payment terms, and additional product descriptions.  These documents are referred to collectively herein as the "Agreement," and are attached hereto as Exhibit A.

9.

Under the Agreement, Chrysalis agreed to license Streamline's enterprise software.  Streamline agreed to implement its SmartCare Core application and

several related applications for Chrysalis's facilities, and to maintain, host and support the SmartCare applications for the life of the Agreement.

10.

In exchange, Chrysalis agreed to pay Streamline implementation fees followed by annual fees for the duration of the Agreement. The full value of the Agreement amounts over $1.3 million in payments to Streamline by Chrysalis. *See* Exhibit A at 18.

11.

The Agreement defined an initial implementation period. Chrysalis agreed that Streamline would provide implementation and training services in exchange for fees as outlined in the Order Form. *See* Exhibit A at 3 ¶ 4.1.1. The parties agreed that any additional Customization or consulting services would be documented in a separate Standard of Work signed by both parties. *See id.* ¶ 4.1.2

12.

Chrysalis agreed to pay Streamline $301,000 for implementation services. Per the terms of the Agreement, payment is due as outlined in the Payment Schedule of the Order Form. *See id.* ¶ 3.2. Subsection E of the Order Form includes milestones for eight implementation payments, including $30,100 for Implementation Payment #3; $30,100 for Implementation Payment #4; $30,100 for

4

Implementation Payment #5; and $15,050 for Implementation Payment #6. *See Id.* at 19.

13.

On February 3, 2021, Streamline invoiced Chrysalis $30,100 for Implementation Payment #3. *See* Exhibit C at 4. On February 23, 2021, Streamline invoiced Chrysalis $30,100 for Implementation Payment #4. *Id.* at 5. And on March 9, 2021, Streamline invoiced Chrysalis $15,050 for Implementation Payment #6. *Id.* at 6.

14.

The Agreement provides that in the event of "any dispute with any invoice," Chrysalis will notify Streamline within 15 days of the invoice date. See Exhibit A at 3 ¶ 3.4. Chrysalis did not dispute the invoices for Implementation Payment #3, Implementation Payment #4, or Implementation Payment #6 within 15 days of the invoice date.

15.

Chrysalis has not paid Streamline for Implementation Payment #3, Implementation Payment #4, nor Implementation Payment #6.

16.

Chrysalis also agreed to pay Streamline $251,089 in annual subscription fees for the duration of the Agreement. *See* Exhibit A at 18.

17.

The Agreement does not allow either Streamline or Chrysalis to terminate for convenience. Instead, the Cloud Services Agreement provides for termination only "[i]n the event of a Default." *See* Exhibit A at 4 ¶ 6.2. "In the event of a default, the nondefaulting party may terminate this Agreement by providing written notice of termination to the defaulting party in accordance with Section 10.4." *Id.*

18.

Among other things, the Agreement defines "Default" to include a party's uncured material breach of any of its obligations and Chrysalis's failure to pay an undisputed fee within 20 days of the due date. *See id.* at 7 ¶ 12.9.

19.

The Agreement provides for a 30-day cure period after receiving written notice of a material breach. *See Id.* ¶ 12.9.1.

20.

The Agreement specifies that termination does not relieve Chrysalis of its obligation to pay the fees, expenses, and costs that are owed to Streamline. *See Id.* at 4 ¶ 6.3.

21.

On May 6, 2021, less than six months after the effective date of the Agreement, Chrysalis provided notice that it was terminating the Agreement and demanding a refund for the fees paid to Streamline. *See* May 6, 2021 letter, attached as Exhibit B. Chrysalis contended that the "functionality that we expected was either not present in the system" or would require additional programing, configuration, or customization. *Id.* Chrysalis did not provide notice of any alleged material breach by Streamline, nor did Chrysalis provide the requisite 30-day cure period.

22.

On May 26, 2021, Streamline responded to Chrysalis's purported termination. *See* May 26, 2021 letter, attached as Exhibit C. Streamline provided notice that Chrysalis's purported termination, delay, and refusal to make payments as due constituted material breaches of the Agreement. *Id.*

23.

Chrysalis has failed to pay the full amount it owes under the Agreement.

## **COUNT I – BREACH OF CONTRACT**

24.

Streamline repeats and realleges paragraphs 1 through 23 above as if fully stated herein.

25.

The Agreement is a valid, binding contract between Streamline and Chrysalis.

26.

Chrysalis's unilateral suspension of implementation and its refusal to allow Streamline to perform under the Agreement constitute an anticipatory breach, entitling Streamline to the full and accelerated value of the Agreement.

27.

More than 30 days have passed since Streamline provided Chrysalis with notice of Chrysalis's breach of the Agreement. During that 30-day period, Chrysalis refused to take any steps to rectify its abandonment and breach of the Agreement and reiterated its demands for full reimbursement for the fees paid to Streamline.

28.

Chrysalis's breach of contract has caused Streamline substantial damages.

29.

In addition, pursuant to the Agreement, Chrysalis owes Streamline monthly interest of 1.5% per month on all amounts Chrysalis was to pay under the contract, accruing from May 6, 2021. *See id.* at 3 ¶ 3.4.

## COUNT II – ACCOUNT STATED

30.

Streamline repeats and realleges paragraphs 1 through 29 above as if fully stated herein.

31.

Chrysalis expressly promised to pay Streamline implementation fees according to the schedule set forth in subsection E of the Order Form.

32.

Streamline sent Chrysalis invoices in the amount of $30,100 due on March 5, 2021 for Implementation Payment #3, $30,100 due on March 25, 2021 for Implementation Payment #4; and $15,050 due on May 8, 2021 for Implementation Payment #6.  *See* Exhibit B.  Chrysalis did not timely dispute these invoices.

33.

Chrysalis has not paid Streamline for Implementation Payment #3, Implementation Payment #4, nor Implementation Payment #6.

34.

Chrysalis agreed to pay Streamline monthly interest of 1.5% per month on late payments.  *See* Exhibit A at 3 ¶ 3.4.  Chrysalis owes Streamline interest at a rate of 1.5% accruing as of the due date of the invoice.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully prays for judgment as follows:

1. That the Court enter judgment in favor of Streamline and against Chrysalis on all claims for relief;

2. That the Court award Streamline all damages incurred, including 1.5 percent monthly interest, in an amount to be proven at trial;

3. That all costs be assessed against Chrysalis; and

4. That the Court award such other and further relief as shall appear just and proper.

This 2nd day of July, 2021.

                                          Respectfully submitted,

                                          */s/ John H. Rains IV*
                                          John H. Rains IV
                                          Florida Bar No. 56859
                                          *rains@bmelaw.com*
                                          Tiana S. Mykkeltvedt
                                          *mykkeltvedt@bmelaw.com*
                                          (Pro hac to be filed)
                                          Megan E. Cambre
                                          *cambre@bmelaw.com*
                                          (Pro hac to be filed)

BONDURANT MIXSON & ELMORE LLP
1201 West Peachtree Street
Suite 3900
Atlanta, GA 30309
404-881-4100-Phone
404-881-4111-Fax

JS 44 (Rev. 10/20) FLSD Revised 02/12/2021

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)* **NOTICE: Attorneys MUST Indicate All Re-filed Cases Below.**

**I. (a) PLAINTIFFS**
Streamline Healthcare Solutions, LLC

**DEFENDANTS**
Chrysalis Health, Inc.

**(b)** County of Residence of First Listed Plaintiff: Michigan and Illinois
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant:
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Bondurant Mixson & Elmore, 1201 W. Peachtree St., Atlanta, GA 3030

Attorneys *(If Known)*

**(d)** Check County Where Action Arose: ☐ MIAMI-DADE ☐ MONROE ☒ BROWARD ☐ PALM BEACH ☐ MARTIN ☐ ST. LUCIE ☐ INDIAN RIVER ☐ OKEECHOBEE ☐ HIGHLANDS

**II. BASIS OF JURISDICTION** *(Place an "X" in One Box Only)*

☐ 1 U.S. Government Plaintiff
☐ 2 U.S. Government Defendant
☐ 3 Federal Question *(U.S. Government Not a Party)*
☒ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

**III. CITIZENSHIP OF PRINCIPAL PARTIES** *(Place an "X" in One Box for Plaintiff)* *(For Diversity Cases Only) and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☒ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** *(Place an "X" in One Box Only)*    Click here for: Nature of Suit Code Descriptions

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729 (a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine | | | ☐ 835 Patent – Abbreviated New Drug Application | ☐ 460 Deportation |
| | ☐ 345 Marine Product Liability | | **LABOR** | ☐ 840 Trademark ☒ 880 Defend Trade Secrets Act of 2016 | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | **PERSONAL PROPERTY** | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit (15 USC 1681 or 1692) |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 370 Other Fraud | ☐ 720 Labor/Mgmt. Relations | ☐ 861 HIA (1395ff) | ☐ 485 Telephone Consumer Protection Act (TCPA) |
| ☒ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 371 Truth in Lending | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Med. Malpractice | ☐ 380 Other Personal Property Damage | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | | ☐ 385 Property Damage Product Liability | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| | | | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | **Other:** | **IMMIGRATION** | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 530 General | ☐ 462 Naturalization Application | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 535 Death Penalty | ☐ 465 Other Immigration Actions | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other ☐ 550 Civil Rights ☐ 555 Prison Condition ☐ 560 Civil Detainee – Conditions of Confinement | | | |

**V. ORIGIN** *(Place an "X" in One Box Only)*

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Re-filed *(See VI below)*
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district *(specify)*
☐ 6 Multidistrict Litigation Transfer
☐ 7 Appeal to District Judge from Magistrate Judgment
☐ 8 Multidistrict Litigation – Direct File
☐ 9 Remanded from Appellate Court

**VI. RELATED/ RE-FILED CASE(S)** *(See instructions):*  a) Re-filed Case ☐ YES ☐ NO    b) Related Cases ☐ YES ☐ NO
JUDGE:                                                     DOCKET NUMBER:

**VII. CAUSE OF ACTION**
Cite the U.S. Civil Statute under which you are filing and Write a Brief Statement of Cause *(Do not cite jurisdictional statutes unless diversity)*:
28 USC 1332
LENGTH OF TRIAL via _____ days estimated (for both sides to try entire case)

**VIII. REQUESTED IN COMPLAINT:**
☐ CHECK IF THIS IS A **CLASS ACTION** UNDER F.R.C.P. 23
DEMAND $ >$75,000
CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☒ No

**ABOVE INFORMATION IS TRUE & CORRECT TO THE BEST OF MY KNOWLEDGE**
DATE                                        SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY : RECEIPT #**        AMOUNT        IFP        JUDGE        MAG JUDGE

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT
for the

Southern District of Florida

| | |
|---|---|
| STREAMLINE HEALTHCARE SOLUTIONS, LLC, <br><br> *Plaintiff(s)* <br><br> v. <br><br> CHRYSALIS HEALTH, INC. <br><br> *Defendant(s)* | ) ) ) ) ) ) ) ) ) ) ) ) ) )   Civil Action No. |

**SUMMONS IN A CIVIL ACTION**

To: *(Defendant's name and address)*  CHRYSALIS HEALTH, INC.
c/o Eduardo Lacasa, Registered Agent
1507 Sunset Drive
Coral Gables, FL 33143

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

John H. Rains IV
Bondurant Mixson & Elmore LLP
1201 West Peachtree Street
Suite 3900
Atlanta, GA 30309

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____                                        _____
                                                                                              *Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12) Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____
was received by me on *(date)* _____.

❒ I personally served the summons on the individual at *(place)* _____
_____ on *(date)* _____; or

❒ I left the summons at the individual's residence or usual place of abode with *(name)* _____
_____, a person of suitable age and discretion who resides there,
on *(date)* _____, and mailed a copy to the individual's last known address; or

❒ I served the summons on *(name of individual)* _____, who is
designated by law to accept service of process on behalf of *(name of organization)* _____
_____ on *(date)* _____; or

❒ I returned the summons unexecuted because _____; or

❒ Other *(specify):*


My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____
                                                        _____
                                                        *Server's signature*

                                                        _____
                                                        *Printed name and title*

                                                        _____
                                                        *Server's address*

Additional information regarding attempted service, etc: